*739 OPINION.
James:
The taxpayer alleges error in two particulars on the part of the Commissioner in connection with the auditing of its returns. It alleges: (1) That the Commissioner should have allowed reserves for discounts which it expected to pay in connection with the settlement of the accounts of its customers; and (2) that it sustained a loss on account of the transfer of the stock of the Notary Shirt Co, in the manner set forth in the foregoing findings of fact.
In our opinion the decisions of the Board have fully disposed of both of these points. Neserves are not allowable deductions from gross income unless specifically provided for by statute. Appeal of William J. Ostheimer, 1 B. T. A. 18; Appeal of Consolidated Asphalt Co., 1 B. T. A. 79; Appeal of Uvalde Co., 1 B. T. A. 932; Appeal of Pan-American Hide Co., 1 B. T. A. 1249. The taxpayer also claims that the transfer of the stock of the Notary Shirt Co. for an amount much less than its cost to its own stockholders in the proportion of their stockholdings registered a deductible loss in its behalf. At the time of its distribution the stock was reasonably worth its cost to the corporation. It is not necessary to discuss the evidence in detail other than that almost simultaneously with the date of this transfer the Liberman brothers acquired from the Notary Shirt Co. itself, on their own behalf, stock of that corporation at par, and it was only on examination by a member of the Board that the important fact developed that Meyer Liberman in acquiring the stock of the Notary Shirt Co. from the taxpayer acquired it on behalf of himself and his brother. This transaction was a patent evasion. It can not be too much emphasized that alleged sales of property for the purpose of establishing losses must be real, valid transactions, definitely placing the legal and equitable ownership of the property alleged to have been, sold out of the hands and out of the control of the seller. In the case of corporations sales to stockholders in all cases are subject to’ special scrutiny and their good faith must be unquestioned. The principle of corporate entity can not be used to cloak a transaction which is essentially a fraud upon the public revenue.
Aeundell not participating.